JOHN W. BUSBY II, No.
ATTORNEY AT LAW, P.C.
3620 Happy Valley Road, Suite 100
Lafayette, CA 94549
(925) 299-9600 Telephone
(925) 299-9455 Facsimile

ERIK G. BABCOCK, No. 172517
WOLF & BABCOCK LLP
1212 Broadway, 10th Floor
Oakland, CA 94612
(510) 451-4600 Telephone
(510) 451-3002 Facsimile

Attorneys for Plaintiff
BENNY FISH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENNY FISH,<br><br>    Plaintiff,<br><br>    vs.<br><br>CITY OF OAKLAND, A municipal corporation; RICHARD WORD, individually and in his capacity as Chief of Police for the City of Oakland; Officer S. GLOVER, individually and in his capacity as a police officer for the City of Oakland; R. VIERRA, individually and in his capacity as a police officer for the City of Oakland; and DOES 1 through 50, inclusive,<br><br>    Defendants.<br>_____/ | Case No. C 03-4554 CW<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS; BATTERY; FALSE ARREST AND IMPRISONMENT**<br><br>JURY TRIAL DEMANDED |

Plaintiff BENNY FISH alleges:

**GENERAL ALLEGATIONS**

1. Plaintiff FISH is informed and believes and thereon alleges that defendant CITY OF OAKLAND is and at all time herein

FIRST AMENDED COMPLAINT

mentioned was a Municipal entity duly incorporated in County of Alameda, California.

2. Plaintiff FISH is informed and believes and thereon alleges that defendant RICHARD WORD is and at all times herein mentioned was the Chief of Police for the CITY OF OAKLAND.

3. Plaintiff FISH is informed and believes and thereon alleges that defendant S. GLOVER is and at all times herein mentioned was employed as a police officer (#8116) by defendant CITY OF OAKLAND.

4. Plaintiff FISH is informed and believes and thereon alleges that defendant R. VIERRA is and at all times mentioned herein was employed as a police officer (#7641) by defendant CITY OF OAKLAND.

5. The true names and capacities, whether individual, corporate, associate or otherwise, of the defendants named herein as Does 1 through 50, inclusive, are unknown to plaintiff at this time, who therefore sues said defendants by such fictitious names and prays leave to amend this complaint to show their true names and capacities when same have been ascertained by plaintiff. Plaintiff is informed and believe, and upon such information and belief alleges, that each of the Doe defendants is legally responsible and liable for the incident, injuries and damages hereinafter set forth, and that each of said defendants proximately caused said incidents, injuries and damages by reason of their actions, negligence, breach of duty, negligent supervision, management control, battery, violation of constitutional rights, violation of public policy, false

FIRST AMENDED COMPLAINT - 2 -

arrest, or by reason of other personal, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control or upon any other act or omission. Plaintiffs will ask leave to amend this complaint to insert further charging allegations when such facts are ascertained.

6. In doing the acts alleged herein, defendants, and each of them, acted within the course and scope of their employment for the CITY OF OAKLAND.

7. In doing the acts and/or omission alleged herein, defendants, and each of them, acted under color of authority and/or under color of law.

8. In doing the acts and/or omission alleged herein, defendants, and each of them, acted as the agent, servant, employee and/or in concert with each of said other defendants herein.

**STATEMENT OF FACTS**

9. On or about September 11, 2002, at approximately 10:00 a.m. on Hegenberger Road, in the vicinity of the Bart Station, in Oakland, California, Plaintiff was driving his vehicle when he was saw two men running towards his vehicle.

10. In fear for his personal safety, plaintiff began driving away from the two men. Plaintiff then stopped his vehicle when he saw a marked unit of the Oakland Police Department;

11. Plaintiff is informed and believes and thereon alleges that the two men were Defendants S. Glover and R. Vierra.

12. After plaintiff stopped his vehicle, S. Glover and R. Vierra

FIRST AMENDED COMPLAINT                                          - 3 -

1  broke windows out of plaintiff's vehicle and dragged him out
2  of the vehicle.
3  13. S. Glover, R. Vierra, and other unidentified officers kicked
4  and hit plaintiff, including hitting him with a flashlight
5  and/or other hard objects.
6  14. Plaintiff is informed and believes and thereon alleges that
7  many other officers of the Oakland Police Department were in
8  the area and observed the assault upon plaintiff; however,
9  these other officers in the area did nothing to intervene,
10 stop or prevent the injuries that were inflicted upon
11 plaintiff.
12 15. Plaintiff was then placed under arrest for resisting arrest
13 and forced to wait at or near the scene of the incident for
14 over two hours before any medical personnel arrived to give
15 him the assistance he required.
16 16. Plaintiff is informed and believes and thereon alleges that
17 the actions identified above by defendant Glover, Vierra,
18 and DOES 1-50, and/or each of them, were excessive,
19 unnecessary and/or in violation of orders, rules,
20 regulations and/or directives of the Oakland Police
21 Department.
22 17. Plaintiff is informed and believes and thereon alleges that
23 defendants Glover, Vierra, DOES 1-50, and/or each of them,
24 subjected plaintiff to the use of excessive force in
25 violation of the Fourth Amendment, as well as the Due
26 Process Clause of the Fourteenth Amendment, to the United
27 States Constitution.
28 18. Plaintiff is informed and believe and thereon alleges that

FIRST AMENDED COMPLAINT                                      - 4 -

1     the acts and/or omissions of defendants Glover, Vierra, DOES
2     1-50, and/or each of them, were intentional, malicious,
3     oppressive and/or done with reckless, callous and/or
4     conscious disregard for the rights of the plaintiff.
5 19. Plaintiff is informed and believes and thereon alleges that
6     the acts and/or omissions of defendants Glover, Vierra, DOES
7     1-50 and/or each of them, were done with deliberate
8     indifference to the rights of the plaintiff.
9 20. Plaintiff is informed and believes and thereon alleges that
10     the defendants CITY OF OAKLAND, WORD, DOES 3-50, and/or
11     other high ranking police department officials and/or
12     supervisors, individually and/or acting in concert with one
13     another, were on notice of a repeated pattern of misconduct,
14     including, but not limited to, the use of excessive force,
15     by defendants Glover, Vierrra, DOES 1-50, and/or each of
16     them, but failed to take any or appropriate remedial action
17     to stop said conduct prior to the subject incident.
18 21. Plaintiff is informed and believes and thereon alleges that
19     prior to the subject incident, defendants CITY OF OAKLAND,
20     WORD, and/or DOES 1-50, and/or each of them, were on notice
21     of prior incidents in which defendants Glover, Vierra, DOES
22     1-50, and/or each of them were alleged to have used
23     excessive force against citizens.  Nevertheless, defendants
24     CITY OF OAKLAND, Richard WORD and/or DOES 1-100, and/or each
25     of them, acting with deliberate indifference, failed to take
26     any or appropriate remedial action, including, but not
27     limited to, remedial training, disciplinary action and/or
28     reassignment, to prevent the unidentified officers sued

FIRST AMENDED COMPLAINT     - 5 -

1     herein as DOES from continuing to subject citizens to
2     excessive force and/or other violations of the
3     constitutional rights.
4 22. Plaintiff is informed and believe and thereon alleges that
5     defendants CITY OF OAKLAND, Richard Word, and DOES 1-50,
6     and/or other high ranking police department officials and/or
7     supervisors, individually and/or acting in concert with one
8     another, were on notice of the need for more and/or
9     different training, supervision and/or discipline of the
10     unidentified officers sued as DOES, and/or each of them, but
11     failed to take any or appropriate such action prior to the
12     subject incident.
13 23. Plaintiff is informed and believe and thereon alleges that
14     defendants CITY OF OAKLAND, Richard Word, and DOES 1-50,
15     and/or other high ranking police department officials and/or
16     supervisors, individually and/or acting in concert with one
17     another were on notice of a custom, policy, pattern and/or
18     repeated practice of members of the CITY OF OAKLAND Police
19     Department, including, but not limited to, the unidentified
20     individual officers sued herein as DOES, and/or each of
21     them, but failed to take any or appropriate such action
22     prior to the subject incident.
23 24. Plaintiff is further informed and believes and thereon
24     alleges that he suffered violations of his constitutional
25     rights as a result of customs, policies, or practices of the
26     CITY OF OAKLAND, Richard Word, and/or DOES 1-50, and each of
27     them, individually and/or acting in concert with one
28     another, including, but not limited to, customs, policies or

FIRST AMENDED COMPLAINT    - 6 -

|   |     |                                                                                         |
|---|-----|-----------------------------------------------------------------------------------------|
| 1 |     | practices which encouraged, authorized or condoned the use                              |
| 2 |     | of excessive force which foreseeably resulted in the                                    |
| 3 |     | violation of the rights of the plaintiff.                                               |
| 4 | 25. | Plaintiff is further informed and believes and thereon alleges that he suffered violations of his constitutional rights as a result of customs, policies, or practices of the CITY OF OAKLAND, Richard Word, and/or DOES 1-50, and each of them, individually and/or acting in concert with one another, including, but not limited to, a custom, policy or practice of failing to identify officers, such as the unidentified officers sued as DOES 1-50, or each of them, with frequent and/or excessive histories of the use of force, citizens' complaints and/or other misconduct and of failing to promptly discipline, train and/or reassign said officers to prevent the violation of the constitutional rights of the citizens. |
| 17 | 26. | Plaintiff is further informed and believe and thereon alleges that as a result of the CITY OF OAKLAND's policy of deliberate indifference, a custom or practice developed within the Oakland Police Department whereby it was accepted practice for police officers to abide by a "Code of Silence." Under this code, police officers charged with upholding the law routinely ignored or otherwise failed to report or take action against fellow officers who engaged in misconduct, including, but not limited to, the unidentified officers sued as DOES 1-50 and/or each of them. |
| 27 | 27. | Plaintiff is further informed and believe and thereon allege that defendants CITY OF OAKLAND, Richard Word, DOES 1-50, |

FIRST AMENDED COMPLAINT                                                          - 7 -

1 and/or each of them, tacitly or directly ratified, approved,
2 condoned and/or otherwise encouraged a pattern, practice,
3 custom or policy of excessive force, other misconduct and/or
4 civil rights violations by DOES 1-50, and/or each of them.
5 28. Plaintiff is further informed and believe and thereon allege
6 that defendants CITY OF OAKLAND, Richard Word, DOES 1-50,
7 and/or each of them, tacitly or indirectly ratified,
8 approved and/or condoned the unjustifiable beating of
9 plaintiff in this case and failed to take any or appropriate
10 remedial action in response to this incident despite the
11 serious nature of the incident that occurred.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**(Against R. Glover, S. Vierra, and DOES 1-50 Under 42 U.S.C. section 1983)**

16 29. Plaintiff incorporates by reference and realleges herein
17 Paragraphs 1 through 28.
18 30. In doing the acts complained of herein, defendants S.
19 Glover, R. Vierra and DOES 1 through 50, individually and/or
20 while acting in concert with one another, did act under
21 color of state law to deprive the plaintiff of certain
22 constitutionally protected rights, including, but not
23 limited to:
24 (a) the right not to be deprived of liberty without Due
25 Process of Law;
26 (b) the right to be free from unreasonable searches and/or
27 seizures;
28 (c) the right to be free from unlawful arrest;

FIRST AMENDED COMPLAINT - 8 -

1  (d) the right to be free from pretrial punishment; and/or
2  (e) the right to Equal Protection of the Law.
3  31.  Said rights are substantive guarantees under the Fourth
4      and/or Fourteenth Amendments to the United States
5      Constitution.
6  32.  As a result of the violation of plaintiff's constitutional
7      rights as alleged herein, plaintiff suffered injuries and
8      damages, including, but not limited to, pain, suffering,
9      emotional distress, loss of the enjoyment of life, special
10     damages, including, but not limited to, future income and
11     wage loss, medical and/or related expenses, and other
12     general and special damages to be determined according to
13     proof.
14 33.  The acts and/or omissions of defendants S. Glover, R.
15     Vierra, and DOES 1-50 and/or each of them, were intentional,
16     malicious, oppressive and/or done with a conscious, callous
17     and/or reckless disregard for the rights of plaintiff.
18     Therefore, plaintiffs pray for an award of punitive damages
19     in the amounts to be determined according to proof.
20 34.  Plaintiff is also entitled to recover his attorneys' fees
21     and costs pursuant to 42 U.S.C. sections 1983, 1988.
22     WHEREFORE, plaintiffs pray for relief and hereinafter set
23 forth.

**SECOND CAUSE OF ACTION**

**(Against Defendants CITY OF OAKLAND,
RICHARD WORD, and DOES 1-50 under
42 U.S.C. section 1983)**

35.  Plaintiff incorporates by reference and realleges herein

FIRST AMENDED COMPLAINT                                       - 9 -

1     Paragraphs 1 through 28.
2 36. As against defendants CITY OF OAKLAND, RICHARD WORD, and/or DOES 1-100 in his/their capacity as official policymaker(s) for the CITY OF OAKLAND and/or in defendant WORD's individual capacity, plaintiff further alleges that the acts and/or omissions alleged in the Complaint herein are indicative and representative of a repeated course of conduct by members of the CITY OF OAKLAND Police Department tantamount to a custom, policy or repeated practice of condoning and tacitly encouraging the use of excessive force and the disregard for the constitutional rights of citizens.

37. Plaintiff is further informed and believes and thereon alleges that the acts and/or omissions alleged herein are the direct and proximate result of the deliberate indifference of the defendants CITY OF OAKLAND, RICHARD WORD, DOES 1-50, and each of them, to repeated acts of police misconduct which were tacitly authorized, encouraged or condoned by the CITY OF OAKLAND, RICHARD WORD, DOES 1-50, and each of them.

38. The injuries to the plaintiff were the foreseeable and proximate result of said customs, policies, patterns and/or practices of defendant CITY OF OAKLAND, RICHARD WORD, DOES 1-50, and each of them.

39. Plaintiff is further informed and believe and thereon alleges that the damages sustained by plaintiff as alleged herein were the direct and proximate result of municipal customs and/or policies of deliberate indifference in the training, supervision and/or discipline of members of the

FIRST AMENDED COMPLAINT - 10 -

1      CITY OF OAKLAND Police Department.
2  40. Plaintiffs are further informed and believe and upon such
3      information and belief allege that the damages and injuries
4      suffered by plaintiff were caused by customs, patterns or
5      practices of the CITY OF OAKLAND, RICHARD WORD, DOES 1-50,
6      and each of them, of deliberate indifference in the
7      training, supervision and/or discipline of officers,
8      including defendants S. Glover, R. Vierra, DOES 1-50, and/or
9      each of them.
10 41. The aforementioned customs, policies or practices of
11     defendant CITY OF OAKLAND, RICHARD WORD, DOES 1-50, and each
12     of them, resulted in the deprivation of the constitutional
13     rights of plaintiff, including, but not limited to, the
14     following:
15     (a) the right not to be deprived of liberty without Due
16     Process of Law;
17     (b) the right to be free from unreasonable searches and/or
18     seizures;
19     (c) the right to be free from unlawful arrest;
20     (d) the right to be free from pretrial punishment; and/or
21     (e) the right to Equal Protection of the Law.
22 42. Said rights are substantive guarantees under the Fourth
23     and/or Fourteenth Amendments to the United States
24     Constitution.
25     WHEREFORE, plaintiffs pray for relief as hereinafter set
26 forth.
27 ///
28 ///

FIRST AMENDED COMPLAINT                                          - 11 -

**THIRD CAUSE OF ACTION**

**(Against S. Glover, R. Vierra,
and Does 1-50 for Battery)**

43. Plaintiff incorporates by reference and realleges herein Paragraphs 1 through 28.

44. Defendants S. Glover, R. Vierra, DOES 1-50 and each of them intentionally did acts which resulted in harmful or offensive contact with plaintiff's person.

45. Plaintiff did not consent to these contacts.

46. As a result of the batteries alleged herein, plaintiff suffered injuries and damages, including, but not limited to, pain, suffering, emotional distress, loss of the enjoyment of life, special damages, including, but not limited to, future income and wage loss, medical and/or related expenses, and other general and special damages to be determined according to proof This harmful or offensive contact caused injury, damage, loss or harm to plaintiff.

**FOURTH CAUSE OF ACTION**

**(Against Defendants S. Glover, R. Vierra
and Does 1-50 For False Arrest and Imprisonment)**

47. Plaintiff incorporates by reference and realleges herein Paragraphs 1 through 28.

48. Defendants S. Glover, R. Vierra and DOES 1-50 intentionally and unlawfully exercised force or the express or implied threat of force to restrain, detain or confine the plaintiff.

49. The restraint, detention or confinement of plaintiff compelled the plaintiff to stay or go somewhere for some appreciable time.

FIRST AMENDED COMPLAINT - 12 -

50. Plaintiff did not consent to the restraint, detention or confinement.

51. Plaintiff was unlawfully arrested and taken into custody.

52. The restraint, detention and/or confinement and/or arrest of plaintiff caused him to suffer injuries and damages, including, but not limited to, pain, suffering, emotional distress, loss of the enjoyment of life, special damages, including, but not limited to, future income and wage loss, medical and/or related expenses, and other general and special damages to be determined according to proof injury, damage, loss or harm.

**STATEMENT OF DAMAGES**

53. Plaintiff incorporates by reference and realleges herein Paragraphs 1 through 52.

54. As a result of the acts and/or omissions of defendants, and each of them, as alleged herein, plaintiff is entitled to recover the damages and injuries sustained by him, including, but not limited to:

   a. General damages, including, but not limited to, damages for pain, suffering, emotional distress, loss of enjoyment of life, loss of the familial relationship, comfort, society, affection and support of the plaintiffs in amounts to be determined according to proof;

   b. Special damages, including, but not limited to, damages for future income and lost wages; burial and funeral expenses, medical and/or related expenses in amounts to be determined according to proof.

55. The acts and/or omissions of defendants were intentional,

FIRST AMENDED COMPLAINT                                          - 13 -

malicious, oppressive and/or done with conscious or reckless disregard for the rights of plaintiff. Accordingly, plaintiff prays for an award of punitive and exemplary damages in amounts to be determined according to proof.

56. Plaintiff will also be entitled to an award of attorneys' fees and costs pursuant to statutes(s) in the event that he is the prevailing party in this action under 42 U.S.C. section 1983, 1988 and/or other statutes and/or laws.

57. Plaintiff hereby demands trial by jury.

**PRAYER**

WHEREFORE, plaintiff prays for judgment against defendants, and each of them, as follows:

1. General damages to be determined according to proof;

2. Special damages, including but not limited to, past, present and/or future wage loss, income and support, medical and related expenses, automobile repair expenses, all in amounts to be determined according to proof;

3. Attorney's fees pursuant to statute;

4. Costs of suit;

5. As to the individual defendants, punitive and exemplary damages in amounts to be determined according to proof;

6. For prejudgment interest as permitted by law;

7. For such other and further relief as the Court may deem just and proper.

DATED: March 11, 2004

ERIK G. BABCOCK
Attorney for Plaintiff

FIRST AMENDED COMPLAINT - 14 -